In the Matter of the Judicial Settlement of the Accounts of the Executors of the Estate of WILLIAM HUTCHISON, Deceased.

JANE OAKES and Another, as Executors, etc., of WILLIAM HUTCHISON, Deceased, Appellants; JAMES AUSTIN and Others, Respondents.

*Duties of a trustee, in the defense of the trust fund and the purpose of its creator — authority to incur reasonable expenses for counsel fees.*

A trustee's duty is not satisfied by merely defending suits which tend to diminish the trust estate. He is bound as well to use due diligence to carry out the intention of the creator of the trust.

When an assault is made upon the trust instrument by means of a suit in equity, if there be a defense to it, the trustee should make it. If the suit be one for the construction of the instrument the trustee is bound to present to the court the reasons, if any there may be, which call for such a construction of the will as accords with the intention of the trust maker.

The trustee is burdened with the responsibility of using reasonable care and diligence to protect and execute in all its integrity the provisions of the instrument creating the trust, and appointing him to attend to its execution, and this duty is none the less obligatory because he happens to be a beneficiary under the instrument of which he is also trustee and may to some extent profit by a successful defense of a suit which assails one or more of its provisions.

The necessary and reasonable expenses incurred by a trustee in the performance of any duty imposed upon him by law constitute a charge upon the trust estate, and he is entitled to be reimbursed therefrom.

It is ordinarily the duty of the executors of the will of a decedent to use reasonable diligence to secure such a construction of the will as will be agreeable to the intention of their testator, and they have authority to incur such expenses, including the payment of counsel fees, as are reasonable and necessary for the due performance of such duty.

What constitutes reasonable counsel fees is not committed to the discretion of the trustee. The court which passes upon his accounts must determine that question. It will first inquire whether the trustee had the right to incur any expenses, and if that question be decided in the affirmative it will next determine what amount it was reasonable and necessary for him to have expended for the purpose, and if his actual expenditures exceed such sum the excess must be borne by the trustee in person.

APPEAL by Jane Oakes and another, as executors, etc., of William Hutchison, deceased, from a decree of the Surrogate's Court of the county of New York, entered in the New York Surrogate's Court on the 13th day of August, 1894, modifying the accounts of the appellants by disallowing certain charges and expenses for counsel fees paid by them, and settling and allowing their accounts as modified.

*Henry L. Sprague*, for executors, appellants.

*Walter S. Logan* and *Charles M. Demond*, for respondent Rosenthal, executor of Charles Austin, deceased.

*George C. Austin*, special guardian for respondent Effel Austin, an infant.

PARKER, J. :

A trustee's duty is not satisfied by merely defending suits which tend to diminish the trust estate. He is bound as well to use due diligence to carry out the intention of the creator of the trust, and when an assault is made upon the trust instrument by means of a suit in equity, if there be a defense to it, he should make it. If the

suit be one for the construction of the instrument, he is bound to present to the court the reasons, if any there may be, which call for such a construction of the will as accords with the intention of the trust maker.

 Were the rule otherwise, it might be possible for the beneficiaries of trust estates, in some instances through forms of legal procedure, to obtain possession thereof upon such terms as they should mutually agree upon. And thus would the intention of the creator of the trust be thwarted.

Such a result the law will not tolerate, and to prevent the possibility of its accomplishment, it burdens the trustee with the responsibility of using reasonable care and diligence to protect and execute in all its integrity the provisions of the instrument creating the trust, and appointing him to attend to its execution. And this duty is none the less obligatory because he happens to be a beneficiary under the instrument, of which he is also the trustee, and may, to some extent, profit by a successful defense of a suit which assails one or more of its provisions.

The necessary and reasonable expense incurred by the trustee, in the performance of any duty imposed upon him by law, constitutes a charge upon the estate, and he is entitled to be reimbursed therefrom.

In *Noyes* v. *Blakeman* (3 Sandf. 531) the court said: " The object of the plaintiffs in these suits was to charge the debts of the insolvent husband upon the trust estate, in other words, to set aside the trust deed. * * * The defense of these suits was, therefore, a duty which the law imposed upon the trustee, and for all reasonable expenses incurred by him in the discharge of this necessary duty he was entitled to reimburse himself from the funds in hand and from such as he might thereafter receive from the trust estate. The law is most clearly settled, and it would be a reproach to its principles or its administration were it otherwise, that all the necessary expenses of a trustee, that is, all expenses of every kind which are reasonable and in good faith incurred by him for the defense, protection or reparation of the estate, are to be treated in equity as a charge, in all cases, upon the rents and profits, and, when incurred for the benefit of the whole estate, * * * upon the inheritance and fee. * * *

First Department, February Term, 1895. [Vol. 84.

"The doctrine in equity is so unquestionable and familiar that it may be regarded as elementary that all the necessary expenses of a trustee are to be reimbursed to him out of the estate, although no provision whatever in relation to such expenses is contained in the deed or other instrument by which the trust is created. In every such instrument there is an implied direction that all such expenses as the preservation or protection of the estate may require shall be incurred, and an implied stipulation or promise that, when incurred, they shall be a charge upon the estate."

*Irving* v. *De Kay* (9 Paige, 521) and *Wetmore* v. *Parker* (52 N. Y. 451) were both actions brought by the executors for a construction of the will, and counsel fees were allowed on the ground that they were necessarily and properly incurred in the faithful performance of the duties of the executors. Other cases might be cited to the same effect, but the rule is deemed too well settled to require further amplification of authority. What constitutes reasonable counsel fees is not committed to the discretion of the trustee. The court which passes upon his accounts must determine that question. First it will inquire whether the trustee had the right to incur any expense, and if that question be decided in the affirmative, it will next determine what amount it was reasonable and necessary for him to have expended for the purpose, and if his actual expenditures exceed such sum, the excess must be borne by the trustee personally.

In this case the learned surrogate has found that the executors have paid out, in various litigations, for counsel fees, the sums of money which they ask to be credited with on this accounting, as executors of the last will and testament of William Hutchison, deceased.

He has also found as a conclusion of law that such fees were "not paid for services or work rendered to this estate, but were improper and unnecessary payments, and should be disallowed." That a part of the sums thus paid out were not properly chargeable against the estate seems to us very clear. The record retainer of some of the counsel was for the beneficiaries under the will, having no official connection with that instrument, and the number of counsel employed would seem to be far beyond the necessities of such a presentation of the trustees' side of the case as the law enjoins.

Their number suggests instead the practice of personal litigants in a doubtful contest, reaching out for everything which gives promise of the slightest assistance. But while all the claims of the executors for counsel fees paid should not have been allowed, we think the surrogate was wrong in deciding that the executors of the will of William Hutchison were not entitled to be reimbursed, to any extent whatever, for the expenses incurred by them in certain litigations intended to effect the disposition of the estate. There were, it seems to us, two suits in which the executors were parties in their official capacity which it was their duty to defend. True, the interposition of a defense may have been agreeable to their inclinations, but that fact cannot add to or take from the legal measure of their duty. An investigation of the record, for the purpose of ascertaining whether it was their right and duty to defend in their official capacity the suits brought against them as such, discloses that William Hutchison died in 1875, leaving a will in which he disposed of an estate exceeding $1,000,000, the use of the entire estate being given to his wife for life, with power to appoint the same to five children and the issue of a deceased child. By a codicil he subsequently modified the power of appointment, so as to direct that the share of two of the appointees should be held in trust during their lives, the interest to be applied to their use, and the principal to go their issue, if any, at their respective deaths. The life tenant (testator's widow) died in 1883, leaving a will in which she disposed of her property, and also attempted to exercise the power of appointment contained in the will of her husband. In what manner she made performance under the power of appointment it will not be useful to state ; it is sufficient to say that it was not at all satisfactory to some of the appointees, and they objected to the probate of her will. Their contest was unsuccessful, although waged until the judgment of the court of last resort was rendered. The surrogate has found that in that contest the executors paid out for counsel fees the sum of $28,388.47, at the same time holding that no part of that sum was properly chargeable against the estate of William Hutchison. It requires but the mere statement of the facts to make it clear that the surrogate's decision in such respect was well founded.

The executors were accounting for the manner in which they had

discharged their duties under the will of William Hutchison, and, the fact that they also happened to be the executors of the will of Winifred Austin, gave them no right or authority to charge the estate of William Hutchison with the expenses incident to the probate of her will.

While the contest over the probate of the will of Winifred Austin was pending, an action was brought by one of the contestants for the purpose of obtaining a judicial construction of the wills. The complaint, among other things, " demands judgment that the court shall adjudicate and determine the proper construction and effect of said wills and codicil of William Hutchison, and shall adjudicate and determine the rights of the parties hereto in and to his estate, and the money and property left by him as aforesaid, and shall direct a distribution of the same according to their respective rights. The costs of this action to be paid out of the said estate of William Hutchison."

The executors of the estate of William Hutchison were parties defendant to that suit in their official capacity, and the reference made to the prayer of the complaint suggests at once that it was not unlikely that they were called upon to advocate such a construction of the instrument as would conform to the intention of their testator.

But there is further and convincing evidence that such was the fact. During the four years that this contest was waged in the several courts, it so happened that of the three decisions made, no two were alike.

The Court of Appeals, speaking through Judge FINCH (*Austin v. Oakes*, 117 N. Y. 583), said :

" The primary question raised in this case is whether the will of the testator gave to his wife a single power of appointment only, or, in addition thereto, a second and broader power, although limited in its operation to the shares intended for the son James and the grandson Charles, and to the contingency of the death of either without issue during the lifetime of the widow. Stated in a more convenient form, the inquiry is whether the power of appointment recited in the testator's codicil is a new and distinct and separate power, adequate to sustain the appointment made, or not so adequate, and merely a reference to the one already given in the will itself. Upon this question the trial court and the General Term

have differed with so much of sensible and pertinent reasoning as to make a final determination not altogether easy."

In view of this determination by the court, it is clear that it cannot be denied that it was the right, and the duty as well, of the executors of the will of William Hutchison to use reasonable diligence to secure such a construction of the will as should be agreeable to the intention of the testator. That being so, they had authority to incur such expenses, including payment of counsel fees, as should be reasonable and necessary in the due performance of such duties.

The surrogate denied to them any rights of reimbursement whatever, but if the views we have expressed are correct, it follows that this was error.

Charles Austin, after the death of Winifred Austin, also commenced a suit, the object of which was to obtain partition of certain premises of which William Hutchison died seized.

The executors of his will as such were made parties defendant, and the same questions arose in the partition suit as were involved in the construction suit which we have considered. And for precisely the same reasons we think that the executors were entitled to be reimbursed for the necessary and reasonable expenses incurred by them in its defense.

So much of the decree of the Surrogate's Court as denies the right of the executors to any reimbursement whatever for legal expenses and disbursements in the suits of James Austin against Jane Oakes and others, and Charles Austin against Jane Oakes and others, should be reversed and the matter remitted to the Surrogate's Court for further adjudication.

Van Brunt, P. J., and Follett, J., concurred.

So ordered.